UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In re Paul J. Schieffer, Inc., et al.,<br>  *Debtors.* | |
| Paul J. Schieffer, Inc., Paul J. Schieffer, and Barbara P. Schieffer,<br>  *Appellants*,<br><br>    *v.*<br><br>Richard M. Coan, Trustee,<br>  *Appellee*. | Civil No. 3:08cv12 (JBA) |

**MEMORANDUM AND ORDER**

This appeal from a Chapter 7 bankruptcy proceeding concerns the court-approved disposition of the bankruptcy estate's interest in certain real property located in Prospect, Connecticut. Appellee Richard M. Coan, the Trustee, moved to sell this property and, after notice and a hearing, Chief Bankruptcy Judge Albert S. Dabrowski entered an order authorizing the sale. Appellants Paul J. Schieffer, Inc., Paul J. Schieffer, and Barbara P. Schieffer (also the debtors below) appeal from this order allowing the Trustee to sell the property free and clear of liens pursuant to 11 U.S.C. § 363(f), contending that the court erred by not considering a higher and better offer for the property.

The Trustee has moved to dismiss this appeal as moot pursuant to 11 U.S.C. § 363(m),[1] which provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the

---

[1] The Trustee's motion also asserts that Appellants lack standing because they held no lien or encumbrance on the property and thus were not aggrieved by the sale. In light of the disposition of this appeal on mootness grounds, this alternative ground is not addressed.

> validity of a sale or lease under such authorization to an entity that purchased
> or leased such property in good faith, whether or not such entity knew of the
> pendency of the appeal, unless such authorization and such sale or lease were
> stayed pending appeal.

This language means that "regardless of the merit of an appellant's challenge to a sale order," an appeal from such an order is moot "if the entity that purchased or leased the property did so in good faith and if no stay was granted." *Licensing by Paolo, Inc. v. Sinatra*, 105 F.3d 837, 839–40 (2d Cir. 1997). Thus, this Court's "appellate jurisdiction over an unstayed sale order issued by a bankruptcy court is statutorily limited to the narrow issue of whether the property was sold to a good faith purchaser." *Id.* at 839. "This rule applies even where the debtor has sought a stay, but the stay has been denied," and also "where the debtor believes the sale has been wrongly authorized." *In re Baker*, 339 B.R. 298, 303 (E.D.N.Y. 2005).

The bankruptcy court authorized the Trustee's sale on December 7, 2007. In that order, the court found that the purchaser, Hesch, LLC ("Hesch") "is a good faith purchaser within the meaning of 11 U.S.C. § 363(m)." The Appellants then moved for a stay pending appeal, which the bankruptcy court denied on December 20 after a hearing. With no stay in place, the Trustee and Hesch completed the sale on December 31, 2007.

Therefore, because the property at issue has already been sold, this Court considers only whether Hesch was a good-faith purchaser. Although "good faith" is not a well-defined term in this context, courts have looked to "the equity of the bidder's conduct in the course of the sale proceedings" and to whether the purchase was "for value." *Kabro Assocs. of West Islip, LLC v. Colony Hill Assocs.*, 111 F.3d 269, 276 (2d Cir. 1997) (quotation marks omitted). This "good-faith requirement prohibits fraudulent, collusive actions specifically intended to affect the sale price or control the outcome of the sale." *Licensing by Paolo, Inc. v. Sinatra*,

2

126 F.3d 380, 390 (2d Cir. 1997). In neither their brief on the merits of the appeal nor their one-page opposition to the motion to dismiss do Appellants raise the issue of Hesch's good faith. At oral argument on September 10, 2008, counsel for the Appellants argued that the Court should not find Hesch to have acted in good faith for two reasons: (1) based on the relationship of this sale to an earlier transaction involving property in Puerto Rico, and (2) because Hesch completed the purchase of the Prospect property even while the sale order was being challenged and appealed. But counsel provided no authority showing why this means that Hesch's conduct was fraudulent, collusive, or otherwise improper. Appellants have pointed to no factual or legal justification for overturning the bankruptcy court's specific finding of good faith.

There is no basis, then, on which to conclude that Hesch did not buy the property in good faith. Accordingly, because § 363(m) precludes further inquiry into the nature of the challenged transaction here, the Court grants appellee's motion [Doc. # 11] and dismisses the appeal.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 11th day of September, 2008.